Frank M. Gasparo (motion for *pro hac vice* admission forthcoming)
Todd M. Nosher
Gianna Cricco-Lizza
**VENABLE LLP**
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com
gecricco-lizza@venable.com

*Attorneys for Dechra Limited and
Dechra Pharmaceuticals PLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DECHRA LIMITED and DECHRA PHARMACEUTICALS PLC**<br><br>Plaintiffs,<br><br>v.<br><br>**WEDGEWOOD VILLAGE PHARMACY, LLC d/b/a WEDGEWOOD PHARMACY**<br><br>Defendant. | **Civil Action No**. _____<br><br>*DOCUMENT FILED ELECTRONICALLY*<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs Dechra Limited and Dechra Pharmaceuticals PLC (collectively "Dechra") for their Complaint against Defendant Wedgewood Village Pharmacy, LLC d/b/a Wedgewood Pharmacy ("Wedgewood") hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq.* seeking monetary damages and other relief against Wedgewood based on Wedgewood's infringement of U.S. Patent No. 9,283,235 ("the '235 Patent"), and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), and statutory unfair competition under N.J.S.A. § 56:4-1. A copy of the '235 Patent is attached to this Complaint as Exhibit A and incorporated herein by reference. Also, attached hereto as Exhibit B and incorporated herein by reference, is a true and correct copy of the Registration Certificate for Dechra's "Vetoryl" mark.

## PARTIES

2. Plaintiff Dechra Limited is a limited liability company organized and existing under the laws of England and Wales with company number 4513124 whose registered office is at Snaygill Industrial Estate, Keighley Road, Skipton, North Yorkshire BD23 2RW, United Kingdom.

3. Plaintiff Dechra Limited is the lawful owner by assignment of all substantial rights, title and interest in and to U.S. Trademark Registration No. 2,893,175 for the mark "Vetoryl," (the "Dechra Mark").

4. Plaintiff Dechra Pharmaceuticals PLC is a public limited company organized and existing under the laws of England and Wales with company number 474958, whose registered office is at 24 Cheshire Avenue, Cheshire Business Park, Lostock Gralam, Northwich CW9 7UA, United Kingdom.

5. Plaintiff Dechra Pharmaceuticals PLC is the lawful owner by assignment of all substantial rights, title and interest in and to the '235 Patent.

6. Vetoryl® is Dechra's trilostane product for treatment of canine hyperadrenocorticism (*i.e.*, Cushing's Disease or Cushing's Syndrome), available in 5 mg, 10 mg, 30 mg, 60 mg and 120 mg capsule form.

7. On information and belief, Defendant Wedgewood is a New Jersey limited liability corporation, having a principal place of business at 405 Heron Dr. Suite 200, Swedesboro, New Jersey 08085. Through descriptions on its website https://www.wedgewoodpetrx.com/about-us/, Wedgewood claims to be "one of the largest compounding pharmacies in the United States, serving more than 40,000 prescribers of compounded medications." Wedgewood further touts its "veterinary experience [that] includes more than 20,000 preparations for companion animals like dogs, cats, birds, pocket pets; and horses; plus less common animals like amphibians, hippopotami, and reptiles. . . ." *Id*.

8. On information and belief, Wedgewood manufacturers, sells and/or offers to sell in the United States various veterinary products, supplements and pharmaceuticals including trilostane capsules for the treatment of canine Cushing's disease.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et. seq*., and Section 43(a) of the Lanham Act. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and under Section 39 of the Lanham Act, 15 U.S.C. § 1121.

10. This Court has personal jurisdiction over Wedgewood because on information and belief, Wedgewood is a New Jersey limited liability company, resides in New Jersey, and has continuous, systematic, and substantial contacts within New Jersey. Further, Wedgewood has committed unlawful and tortious acts in this District and state that it knew or should have known would cause injury to Dechra—acts which give rise to the causes of action asserted herein.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c); and 28 U.S.C. § 1400(b) because Wedgewood has a regular and established place of business in this District (as acknowledged on its website https://www.wedgewoodpetrx.com/about-us/) and has committed acts of infringement within this District as set forth *infra*.

**THE PATENT–IN-SUIT**

12. On March 15, 2016, the '235 Patent, entitled "Intermittent Lowering of Cortisol as Treatment of Clinical Conditions Associated With Abnormal Concentrations of Cortisol in Animals" was duly and legally issued by the United States Patent and Trademark Office ("PTO").

13. The claims of the '235 Patent are directed to, *inter alia*, methods of treating canine hyperadrenocorticism.

**DECHRA'S VETORYL® REGISTERED TRADEMARK**

14. Dechra has also sought to protect the valuable goodwill associated with its pharmaceutical products including its trilostane products sold under the name Vetoryl® ("the Dechra Mark"). Plaintiff Dechra Limited is the owner by assignment of U.S. Trademark Registration No. 2,893,175 for the word mark "Vetoryl." *See* Exhibit B.

15. The registration for the Vetoryl mark is valid and subsisting in full force, unrevoked, and uncancelled.

16. The distinctiveness of the Dechra Mark is evidenced by its secondary meaning in the marketplace. Dechra has expended significant time, money, and efforts in promoting its Mark. As a result, consumers have come to recognize the Dechra Mark as symbolizing the goodwill inherent in this mark, and associate the Dechra Mark solely with Dechra and its high quality trilostane pharmaceutical products.

**WEDGEWOOD'S INFRINGING CONDUCT**

17. On information and belief, Wedgewood is a compounding pharmacy based in New Jersey. According to its website wedgewoodpetrx.com/about-us/, "due to growth, Wedgewood Pharmacy moved to a larger facility in Sewell, New Jersey and in October 2003 moved to its current location in Swedesboro, New Jersey."

18. Wedgewood manufacturers, sells and/or offers to sell in the United States trilostane capsules for the treatment of canine Cushing's disease.

19. Wedgewood provides specific dosing directions and instructions for treatment of canine Cushing's disease using trilostane on its website www.wedgewoodpetrx.com/learning-center/professional-monographs/trilostane-treatment-for-canine-pituitary-dependent-hyperadrenocorticism-management-tree.html, directing with specific intent, third parties to administer its trilostane products for the treatment of canine Cushing's disease in a manner that infringes at least claim 1 of the '235 Patent. Such directions and instructions were made available on Wedgewood's website no later than April 2016.

20. On Wedgewood's website, https://www.wedgewoodpetrx.com/items/trilostane-capsule.html, Wedgewood states that "[o]ne of the dosage forms available for [t]rilostane is Capsule. Wedgewood Pharmacy compounds more than 2,000 formulations in capsule form. The potency of each compounded capsule is verified through weight and yield checks before it is dispensed. 72 strength combinations of [t]rilostane Capsule are available.

- [t]rilostane from 0.5 mg/cap to 240 mg/cap
- [t]rilostane (from <u>Vetoryl</u>) 2 mg/cap." (emphasis added).

Attached hereto as Exhibit C and incorporated herein by reference, is a true and correct copy of a screenshot from this page of Wedgewood's website.

21. Upon information and belief, Wedgewood describes its trilostane capsules as "[t]rilostane [derived] from Vetoryl" to mislead consumers and to take advantage of Dechra's goodwill and brand recognition.

**COUNT ONE**
**(Induced Infringement of the '235 Patent)**

22. Dechra incorporates herein by reference all allegations set forth in paragraphs 1 through 21 above.

23. Wedgewood has had actual knowledge of the '235 Patent since at least December 15, 2017, the date on which Dechra sent Wedgewood a letter advising Wedgwood of Dechra's proprietary rights in and to certain methods of treating canine hyperadrenocorticism.

Wedgewood has had actual knowledge of the '235 Patent no later than the date on which Dechra commenced the present action.

24. Wedgewood has actively induced and continues to actively induce the infringement of at least claim 1 of the '235 Patent under 35 U.S.C. §271(b) by causing, urging, encouraging, aiding, and/or instructing with specific intent third parties to perform at least the method of claim 1 of the '235 Patent such that the third parties alone, or the third parties and Wedgewood, directly infringe at least claim 1 of the '235 Patent.

25. By way of example, Wedgewood, acting with specific intent, actively induces the infringement of at least claim 1 of the '235 Patent by providing to third parties, through at least Wedgewood's website, specific dosing directions and instructions for the use of trilostane in a manner that infringes at least claim 1 of the '235 Patent.

26. By following these specific instructions and directives, third-parties alone, or third parties together with Wedgewood, directly infringe one or more claimed methods of the '235 Patent. Wedgewood, therefore, encourages and actively induces with specific intent third parties to use trilostane, including trilostane manufactured and sold by Wedgewood, in a manner that infringes at least claim 1 of the '235 Patent, either alone or together with Wedgewood.

27. Wedgewood's acts of inducing third parties to use trilostane in an infringing manner are committed with: (1) knowledge of the '235 Patent, (2) specific intent that third parties infringe said patent, and (3) knowledge that such third party use of trilostane for treatment for hyperadrenocorticism in dogs constitutes infringement.

28. Dechra has been and continues to be damaged by Wedgewood's acts of infringement and will suffer additional damages and impairment of the value of its patent rights unless Wedgewood is enjoined from its infringing activities.

29. Dechra is entitled to recover damages from Wedgewood to compensate Dechra for Wedgewood's past, present and ongoing infringement.

## COUNT TWO
### (Willful Infringement of the '235 Patent)

30. Dechra incorporates herein by reference all allegations set forth in paragraphs 1 through 29 above.

31. From at least December 15, 2017, Wedgewood has had actual knowledge of the '235 Patent.

32. Wedgewood should have been aware, at least from that time, that there was an objectively high likelihood that its actions thereafter constituted and/or were inducing patent infringement.

33. Wedgewood has no good faith basis to believe that its continuing conduct as alleged herein does not constitute infringement of at least claim 1 of the '235 Patent under at least under 35 U.S.C. § 271(b).

34. Wedgewood's infringement since at least December 15, 2017 has been willful and deliberate, entitling Dechra to enhanced damages under 35 U.S.C. § 284.

35. Wedgewood's infringement since at least December 15, 2017 without a good faith basis to believe that such conduct is not infringing, renders this an extraordinary case under 35 U.S.C. § 285, which entitles Dechra to an award of attorneys' fees.

## COUNT THREE
### (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

36. Dechra incorporates herein by reference all allegations set forth in paragraphs 1 through 35 above.

37. Wedgewood's use of the Dechra Mark on promotional materials, including without limitation Wedgewood's website, for its competing trilostane products, is likely to induce consumers to believe, contrary to fact, that Wedgewood or its products are affiliated, connected, or associated with Dechra, and/or that Wedgewood or its products are sponsored, authorized, and/or endorsed by Dechra.

38. Wedgewood's conduct is without Dechra's permission or authority. On information and belief, Wedgewood engaged in this conduct with actual knowledge of Dechra and its prior

and senior rights in the Dechra Mark for the purpose of unfairly competing and/or to cause confusion, mistake, or deception among consumers.

39. Wedgewood acted willfully and/or with willful blindness or reckless indifference to the fact that consumers would believe, contrary to fact, that (a) there is an affiliation, connection, or association between Wedgewood and Dechra, or (b) Wedgewood's products originate with, are sponsored by and/or approved by Dechra.

40. Wedgewood's conduct constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a). On information and belief, Wedgewood has profited from this infringement.

41. This is an exceptional case under 15 U.S.C. § 1117(a).

42. Wedgewood's willful conduct has caused damage to Dechra in an amount to be determined at trial and, unless restrained, will continue to seriously and irreparably injure Dechra and impair further the value of the Dechra Mark, for which there is no adequate remedy at law.

43. Wedgewood's wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Dechra's marketing, advertising, sales and consumer recognition of Dechra's Mark. As a direct and proximate result of Wedgewood's wrongful conduct, as alleged herein, Dechra has been and will be deprived of sales of its products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the values of its mark as commercial assets in an amount as yet unknown but to be determined at trial.

44. In light of the foregoing, Dechra is entitled to injunctive relief, and to recover from Wedgewood all damages, including attorneys' fees, that Dechra has sustained and will sustain, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117, as well as the costs of this action. Dechra is also entitled to an accounting of Wedgewood's profits resulting from its Lanham Act violations.

## COUNT FOUR
### (Statutory Unfair Competition under N.J.S.A. § 56:4-1)

45. Dechra incorporates herein by reference all allegations set forth in paragraphs 1 through 44 above.

46. Wedgewood's conduct alleged herein constitutes false designation of origin under 15 U.S.C. §§ 1051 *et sec.*, including specifically 15 U.S.C. § 1125(a). In wanton disregard for Dechra's intellectual property rights, Wedgewood engaged in conduct that constitutes an appropriation for its own use of Dechra's brand, trademark, reputation, and goodwill in whose products and services Wedgewood deals. Upon information and belief, Defendant has profited from this infringement.

47. Wedgewood's actions have directly and proximately caused and will continue to cause damage to Dechra, in an amount to be proven at trial, and are causing substantial and irreparable harm to Dechra, including injury to its reputation and diminution in the value of its intellectual property and, unless restrained, will continue to seriously and irreparably impair further the value of the Dechra Mark, for which there is no adequate remedy at law.

48. Pursuant to N.J.S.A. § 56:4-2, Dechra is entitled to recover damages in an amount to be proven at trial, and is entitled to treble damages. Dechra is also entitled to injunctive relief against Wedgewood.

## JURY DEMAND

49. Dechra demands a trial by jury of all issues triable of right by jury.

## RELIEF SOUGHT

**WHEREFORE**, Dechra respectfully requests:

A) A judgment and decree that Wedgewood has and is continuing to infringe the '235 Patent indirectly by inducement and willfully;

B) An award of damages adequate to compensate Dechra for Wedgewood's past, present and future infringement of the '235 Patent, including pre-judgment and post judgment interest;

C) An award of trebled damages for Wedgewood's willful infringement of the '235 Patent;

D) Permanently enjoining Wedgewood and its parents, subsidiaries, divisions, officers, directors, agents, dealers, representatives, servants, employees, successors, assigns, and all parties acting in concert or participation with them, from infringing the '235 Patent in any way; and from using the Dechra Mark, or any other designation that infringes the Dechra Mark in any manner;

E) Awarding Dechra pre and post-judgement interest;

F) Ordering that Wedgewood deliver up and destroy all Wedgewood materials bearing the Dechra Mark or any colorable imitation thereof, and ordering Wedgewood to file with this Court and serve upon Dechra within fifteen (15) days after issuance of any injunction a report in writing under oath setting forth in detail the manner and form in which Wedgewood has complied with the injunction;

G) Ordering that Wedgewood account for and pay to Dechra such damages, profits, royalties, attorneys' fees, costs, prejudgment interest, and enhanced damages as may be shown by the evidence;

H) Finding this to be an exceptional case and awarding Dechra its reasonable attorney fees under 35 U.S.C. § 285 and 17 U.S.C. § 1117(a); and

I) Any other relief that the Court deems just and proper.

Dated: September 21, 2018

Respectfully submitted,

/s/ Todd M. Nosher

Frank M. Gasparo (motion for *pro hac vice* forthcoming)
Todd M. Nosher
Gianna Cricco-Lizza
**VENABLE LLP**
1270 Avenue of the Americas
New York, New York 10020
Telephone No.: (212) 307-5500
Facsimile No.: (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com
gecricco-lizza@venable.com

*Attorneys for Dechra Limited and*
*Dechra Pharmaceuticals PLC*